IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES TICKELL, LIQUIDATOR OF THIRDSPACE LIVING LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> BROADBAND MANAGEMENT SOLUTIONS, LLC, a Delaware Limited Liability Company and C-COR CORPORATION, a Pennsylvania corporation <br><br> Defendants. | Civil Action No. 06-_____ <br><br> Jury Trial Demanded |

## COMPLAINT

For his Complaint against Broadband Management Solutions, LLC ("BMS") and C-Cor Corporation ("C-Cor"), James Tickell, Liquidator of Thirdspace Living Limited, alleges the following.

### THE PARTIES

1. Plaintiff James Tickell (the "Liquidator") is a citizen of the United Kingdom residing in the United Kingdom. He is the Liquidator of Thirdspace Living Limited ("Thirdspace") pursuant to the laws of the United Kingdom under the Insolvency Act of 1986.

2. Thirdspace is a corporation formed under the laws of the United Kingdom. It is in liquidation proceedings pursuant to the laws of the United Kingdom under the Insolvency Act of 1986. Its former principal place of business was in Maidenhead, United Kingdom.

3. In June 2003 the Liquidator was appointed by the stockholders and creditors of Thirdspace to act as Liquidator, in which position he has full control of Thirdspace's business and affairs and has full authority to act on its behalf.

ME1 6649026v.1

4. As Liquidator of Thirdspace, the Liquidator has no financial interest in the proceeds that he seeks to recover through this litigation. Rather, he is acting on behalf of creditors of Thirdspace, to whom substantial sums are owed, and any recovery that he receives through this litigation, with the exception of the costs of the litigation, will be turned over to such creditors.

5. Defendant BMS is a corporation formed under the laws of the State of Delaware.

6. Defendant C-Cor is a corporation formed under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania.

## JURISDICTION

7. The Court has jurisdiction over this action by virtue of 28 U.S.C. § 1332(a)(2), in that this is an action between a subject of a foreign state and a citizen of a state, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8. Defendant BMS is subject to the personal jurisdiction of this Court because it is a Delaware corporation, whose registered agent in the state of Delaware is Corporation Trust Company, Corporation Trust Center, 1209 Orange Street Wilmington Delaware, 19801.

9. Defendant C-Cor is subject to the personal jurisdiction of this Court because it transacts business and contracts to supply goods and services in the State of Delaware, both directly and through subsidiaries with whom C-Cor has such a unity of interest and ownership that separate personalities no longer exist.

## FACTS

10. As of October 2000, Thirdspace and nCube jointly owned certain United States Patents, including patent nos. 5,623,595 (the "'595 Patent), which relates to "method and apparatus for transparent, real time reconstruction of corrupted data in a redundant array data storage system"), and 5,805,804 (the "'804 Patent"), which relates to "method and apparatus for scalable, high bandwidth storage retrieval and transportation of multimedia data on a network" (collectively the "Patents").

11. In November 2000, nCube advised Thirdspace that nCube desired to commence patent infringement litigation relating to the Patents against SeaChange International Inc. ("SeaChange").

12. SeaChange had previously commenced patent litigation against nCube in this Court, on June 13, 2000, *see SeaChange International Inc. v. nCube Corp.*, Civil Action No. 00-568 JJF (D. Del.), which was one of the reasons why nCube desired to commence patent infringement litigation against SeaChange. Thirdspace was not a party to that action filed by SeaChange.

13. In order to establish an agreed-upon allocation of rights and responsibilities with respect to the legal action that nCube intended to commence against SeaChange for infringement of either or both of the Patents, Thirdspace and nCube entered into a written agreement entitled "Patent Licensing Agreement between nCube and Thirdspace" in November 2000 (the "Agreement").

14. A true and correct copy of the Agreement is attached hereto as Exhibit A.

15. Thirdspace executed the Agreement on November 14, 2000, and nCube executed the Agreement on November 26, 2000.

16. In the Agreement, Thirdspace agreed it would not assign its rights to the patents to SeaChange.

17. In consideration for this Agreement, nCube agreed:

nCube will pay to Thirdspace forty percent (40%) of any cash damages actually received by nCube as a result of any patent infringement litigation brought by nCube against SeaChange under the Patents, without any cost of such litigation accruing to, borne by or payable by Thirdspace.

18. The Agreement is a fully valid, binding, and enforceable contract that obligates Thirdspace and nCube and their successors in interest to comply with its terms and provisions.

19. Thirdspace performed any and all of its obligations and conditions precedent as required by the Agreement.

20. nCube commenced a patent infringement lawsuit relating to the Patents against SeaChange in this Court on January 8, 2001. *See nCube Corp. v. SeaChange International Inc.*, Civil Action No. 01-11 JJF (D. Del.) (the "nCube Patent Litigation").

21. At the conclusion of a jury trial in the nCube Patent Litigation, the jury returned a verdict in favor of nCube on May 29, 2002 (D.I. 128 in the nCube Patent Litigation). Judgment was entered in favor of nCube in the nCube Patent Litigation on July 2, 2002 (D.I. 142).

22. Following post-trial briefing in the nCube Patent Litigation, in an order dated March 31, 2003, the Court (a) awarded enhanced damages in favor of nCube and against SeaChange in the amount of $4,071,658.00; (b) awarded nCube prejudgment interest in the amount of $62,101.00; (c) awarded nCube 2/3 of the attorneys' fees and costs that it had incurred, in the amount of $1,839,852.30; and (d) awarded nCube post-judgment interest in an amount to be determined (D.I. 182).

ME1 6649026v.1

23. On December 31, 2004, C-Cor acquired nCube. According to C-Cor's press release and form 8-k announcing the acquisition, nCube was merged into BMS, a wholly owned subsidiary of C-Cor, with BMS as the surviving entity.

24. Following the merger, however, C-Cor substituted itself for nCube as the real party in interest in the nCube Patent Litigation, and represented to this Court and the United States Court of Appeals for the Federal Circuit that C-Cor was the successor in interest to nCube.

25. Both C-Cor and SeaChange appealed from the judgment to the Court of Appeals for the Federal Circuit (D.I. 184, 189). The Court of Appeals affirmed this Court's judgment (D.I. 196).

26. In an order dated April 6, 2006, the Court revised its March 31, 2003 order, and award nCube (now C-Cor) (a) enhanced damages in the amount of $5,575,310.00; (b) prejudgment interest in the amount of $62,101.00; (c) 2/3 of the attorneys' fees and costs that it had incurred, in the amount of $1,839,852.30; and (d) post-judgment interest in the amount of $527,822.00 for the period July 2, 2002 through March 17, 2006, plus prejudgment interest in the amount of $460.00 per day from March 18, 2006 through the date of payment of the judgment amount (D.I. 201). These damages only covered the infringement by SeaChange of the Patents through 2002.

27. In C-Cor's 2006 Annual Report, C-Cor reported that on April 20, 2006 SeaChange paid C-Cor and/or BMS $8,021,000 pursuant to the award entered by the district court.

28. Upon information and belief, C-Cor and BMS continue to seek damages from SeaChange regarding its infringement of the Patents since 2002. The Liquidator fully reserves his right to seek 40% of the proceeds from such efforts in the future.

ME1 6649026v.1

29. The Liquidator, acting on behalf of Thirdspace, has requested that C-Cor and/or BMS pay over to the Liquidator 40% of the monies that C-Cor has received from SeaChange as a result of the judgment entered in the nCube Patent Litigation. C-Cor and/or BMS, however, have refused to pay.

### CLAIM FOR RELIEF – BREACH OF CONTRACT

30. The Liquidator incorporates the preceding paragraphs of this Complaint as if they were set forth in full.

31. The monies that SeaChange has paid to C-Cor and/or BMS as a result of the judgment entered in the nCube Patent Litigation constitute "cash damages actually received by nCube as a result of" the nCube Patent Litigation as that phrase is used in the Agreement.

32. The Liquidator is contractually entitled under the Agreement, on behalf of Thirdspace, to receive 40% of the "cash damages actually received by nCube as a result of" the nCube Patent Litigation.

33. The failure by Defendants to pay the Liquidator (acting on behalf of Thirdspace) 40% of the "cash damages actually received by nCube as a result of" the nCube Patent Litigation constitutes a breach of the contractual obligations of C-Cor to Thirdspace (and hence to the Liquidator) under the Agreement.

34. As a result of the breach by C-Cor of its contractual obligations to Thirdspace (and hence to the Liquidator) under the Agreement, the Liquidator (and hence Thirdspace) has been harmed in an amount equal to forty percent of the cash damages received from SeaChange (based on the amount reportedly received by C-Cor, this amounts to $3,208,400.00) together with prejudgment interest on that amount, calculated from the date when C-Cor and/or BMS received payment of such monies.

WHEREFORE, plaintiff James Tickell, Liquidator of Thirdspace Living Limited, requests that judgment be entered in his favor and against defendant C-Cor and BMS, jointly and severally in the amount of 40% of the monies that Defendants received from SeaChange as a result of the judgment entered in the nCube Patent Litigation, together with prejudgment interest on that amount, calculated from the date when Defendants received payment of such monies, and such other relief as may be appropriate.

MCCARTER & ENGLISH, LLP

A. Richard Winchester (DE Bar Id. No. 2641)
Daniel J. Brown (DE Bar Id. No. 4688)
Renaissance Centre
405 North King St., 8th Floor
Wilmington, DE  19801
(302) 984-6300

Of Counsel:

David M. Pernini
WARGO & FRENCH LLP
1170 Peachtree Street, NE
Suite 2020
Atlanta, GA  30309
(404) 853-1500

Dated:  August 15, 2007

Attorneys for Plaintiff
James Tickell, as Liquidator of Thirdspace Living Limited

6649026_1.DOC

# EXHIBIT A

1./02/2003 15:04 FAX 503 645 1737        nCUBE                                    ☒002

## Patent Licensing Agreement between
## nCube and Thirdspace

Whereas nCube and Thirdspace jointly own U.S. Patent 5,623,595 ("Method and apparatus for transparent, real time reconstruction of corrupted data in a redundant array data storage system") and U.S. Patent 5,805,804 ("Method and apparatus for scalable, high bandwidth storage retrieval and transportation of multimedia data on a network")(collectively, the "Patents"), and

Whereas nCube and Thirdspace each have full and independent rights to license the Patents, and

Whereas nCube desires to pursue legal action or remedy on the Patents against SeaChange International ("SeaChange"), and

Whereas nCube desires assurance from Thirdspace that Thirdspace will not assign, license or otherwise grant to SeaChange any interest in the Patents nor will Thirdspace independently commence a patent infringement action against SeaChange relating to the Patents,

Now therefore, the parties agree as follows:

Thirdspace hereby agrees that it will not assign, license or otherwise grant to SeaChange any interest in the Patents nor will Thirdspace independently commence a patent infringement action against SeaChange relating to the Patents prior to the later of the third anniversary of the date of this Agreement or upon completion of any patent infringement action relating to the Patents and initiated by nCube against SeaChange.

As consideration for the foregoing, the parties agree as follows:

1) nCube will pay to Thirdspace forty percent (40%) of any cash damages actually received by nCube as a result of any patent infringement litigation brought by nCube against SeaChange under the Patents, without any cost of such litigation accruing to, borne by or payable by Thirdspace.

2) If, in any patent infringement litigation brought by nCube against SeaChange under the Patents, it is determined by the court that Thirdspace is a necessary party to the litigation, Thirdspace consents to be joined and to have the claims proceed on its behalf as well as nCube's, in joint representation at nCube's expense.

3) Any patent infringement litigation brought by nCube against SeaChange under the Patents will not be compromised or settled without the consent of Thirdspace. If during the course of any such litigation Thirdspace determines in its sole discretion that it should intervene or otherwise appear to protect its rights, nCube will not oppose such an application.

06/02/2003 15:05 FAX 503 645 1737          nCUBE                                    ☒003

4)      In the event that, as a result of any action taken by nCube against SeaChange, any claim of the Patents is found invalid, nCube agrees to pay an amount to Thirdspace to reasonably compensate it for the reduction in, or destruction of, the value of its interest in the Patents. In the event that the parties cannot reach agreement as to such compensation within 30 days of notice, the matter will be submitted to binding arbitration before a generally recognized arbitration organization chosen by Thirdspace, to be performed according to the rules of such organization, before a single arbitrator appointed by such organization, in a venue to be selected by Thirdspace, the costs of such arbitration proceeding (i.e., fees of the organization and arbitrator) to be paid by nCube.

If nCube does not bring a cause of action against SeaChange by July 1, 2001, this Agreement will terminate on that date.

Thirdspace and nCube hereby agree that any licensing of rights under the Patents, whether to SeaChange or to other third parties, will be on a non-assignable and non-transferable basis and will terminate upon merger, acquisition, or change in control of the licensed party.

Dated: November 26, 2000              nCUBE CORPORATION

By _____ MICHAEL POHL _____
Its    PRESIDENT

Dated: November 14, 2000              THIRDSPACE

By _____
Its    CEO

Gray Cary\HV\7064266.1
1140417-902600

2

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
James Tickell, Liquidator for Thirdspace Living Limited

**DEFENDANTS**
Broadband Management Solutions, LLC
C-Cor Corporation

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
A. Richard Winchester   McCarter + English, LLP
405 N. King St. Wilmington DE 19801   984-6300

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332(a)(2)

Brief description of cause:
action to enforce a contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 8/15/07

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No.  0 7 - 5 0 0

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____4____ COPIES OF AO FORM 85.

_____8/5/2007_____       _____[signature]_____
(Date forms issued)         (Signature of Party or their Representative)

                                    _____Michael Sorin_____
                                    (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action